# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| SETH M. JOHNSON,<br><br>    Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,[1]<br><br>    Defendant. | No. C17-3045-LTS<br><br>**MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

## I.  INTRODUCTION

This case is before me on a Report & Recommendation (R&R) by the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge. Doc. No. 20. Judge Mahoney recommends that I reverse and remand the decision of the Commissioner of Social Security (the Commissioner) denying the applications by plaintiff Seth M. Johnson (Johnson) for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 *et. seq.* (Act).

Judge Mahoney recommends that I remand with instructions for the ALJ to either (1) impose limitations related to interacting with coworkers and supervisors or (2) more fully discuss the failure to include these limitations, including what medical opinions support the lack of these limitations and an updated discussion on the weight assigned to

---

[1] On March 6, 2018, the Government Accountability Office stated that as of November 17, 2017, Nancy Berryhill's status as Acting Commissioner violated the Federal Vacancies Reform Act (5 U.S.C. § 3346(a)(1)), which limits the time a position can be filled by an acting official. As of that date, therefore, she was not authorized to continue serving using the title of Acting Commissioner. As of November 17, 2017, Berryhill has been leading the agency from her position of record, Deputy Commissioner of Operations. For simplicity, I will continue to refer to the defendant as "the Commissioner" throughout this order.

the state agency medical consultants' opinions. Doc. No. 20 at 16. If the ALJ fails to adopt a limitation related to interacting with coworkers, she recommends that the ALJ point to specific medical evidence supporting this conclusion. *Id.* Neither party has objected to the R&R. The deadline for such objections has expired.

## II. APPLICABLE STANDARDS

### A. *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); see 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

To determine whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court "must search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

To evaluate the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court "find[s] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even if the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see also Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## B. *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. THE R&R

Judge Mahoney began by noting the complicated procedural history of this case. On August 16, 2011, Johnson filed applications for DIB and SSI alleging disability beginning since his birth in 1981. Doc. No. 20 at 2. These applications were denied on initial review and reconsideration. *Id.* An Administrative Law Judge (ALJ) held hearings[2] and found Johnson had the following severe impairments: depression, anxiety,

---

[2] The ALJ held the first hearing on March 13, 2013. AR 30-31. He allowed Johnson the opportunity to obtain counsel and held a second hearing on July 11, 2013. *Id.* at 47-48. Johnson still had not obtained counsel at that time, so he held a third hearing on October 29, 2013. *Id.* at 80, 230.

4

substance abuse history, degenerative disk disease and tremors. *Id.* at 3; AR 1016. The ALJ found Johnson was able to perform past relevant work as a production assembler and therefore was not disabled. AR 1023. The Appeals Council declined review and Johnson appealed to this court. Doc. No. 20 at 3. He argued that the RFC determination did not include any social functioning limitations, even though the opinions from his treating psychiatrist and state agency psychological consultants recommended such limitations and the ALJ had found moderate social limitations at Step Three. *Id.* (citing Doc. No. 13 at 22-23). The Commissioner moved for remand "for further evaluation of the medical opinions and reassessment of plaintiff's [RFC]." *Id.* (quoting Doc. No. 14). On remand, the Appeals Council remanded the case to the ALJ with instructions to reformulate Johnson's RFC to reflect his moderate difficulties in social functioning. *Id.* (citing AR 1081-83).

On remand, the 2011 applications were consolidated with Johnson's July 2015 application for SSI benefits. *Id.* at 4 (citing AR 944). The ALJ held a hearing on July 14, 2016, and, at the request of Johnson's attorney, left the record open for three weeks for him to submit documents from Johnson's upcoming appointment with treating physician, Dr. Standing. *Id.* (citing AR 980-81). The treatment notes from that appointment are not in the record,[3] but an August 8, 2016, opinion from Dr. Standing is. *Id.* (citing AR 1526-30). Johnson also submitted a mental RFC assessment from his new treating psychiatrist, Dr. Chowdhry, dated June 16, 2016. *Id.* (citing AR 1475-80).

On September 28, 2016, the ALJ issued his second written decision, adding attention deficit/hyperactivity disorder as a severe impairment and finding at Step Four and Step Five that Johnson could not perform his past work, but could perform other work available in the national economy. *Id.* at 5 (citing AR 943-62). With regard to

---

[3] The record lists Exhibit 34(f) as "Office Treatment Records dated 8/29/2011 to 07/26/2016, from LARRY STANDING," but the exhibit consists only of treatment notes from 2011 through 2013, which were already in the record. Doc. No. 20 at 4 (citing AR 558-60, 587-89, 625-42, 855-72, 1492-1525).

social functioning, the updated RFC determination included a limitation that he should have no contact with the public. *Id.* (citing AR 948). The ALJ explained that he assigned Dr. Standing's opinions little weight and that with regard to the 2016 opinion, it lacked contemporaneous treatment records. The last treatment note from Dr. Standing was dated October 2013, suggesting that Johnson had not received ongoing medical care from Dr. Standing since that date. *Id.* at 6 (citing AR 956).

The ALJ also assigned little weight to the opinions of Johnson's treating psychiatrists and great weight to the state agency psychological consultants. *Id.* Johnson requested review by the Appeals Council, arguing, in part, that the ALJ failed to consider the recent 2016 treatment notes from Dr. Standing. *Id.* (citing AR 1223). The Appeals Council gave Johnson 30 days to submit further materials. *Id* at 7 (citing AR 976). It did not receive any further materials and denied review on March 22, 2017. *Id.* (citing AR 932-36).

Johnson then sought judicial review in this court arguing that the ALJ erred in the following ways:

- The ALJ assigned the state agency psychologists' opinions great weight, but did not include or explain why their finding regarding Johnson's limitations in interacting with coworkers and supervisors was not included.

- The ALJ failed to specifically cite or discuss the opinions of state agency consultants Dr. Westra and Dr. Tashner at Exhibits B4A and B9A.

- The ALJ did not provide good reasons for discounting Dr. Standing's 2016 RFC opinion. He argues the 2016 treatment notes were submitted, but misplaced, and, in any event, the ALJ should have obtained those treatment notes before issuing his decision.

*See* Doc. No. 15. Judge Mahoney addressed each of these arguments in her R&R.

With regard to the state agency psychological consultant opinions, Judge Mahoney noted that all five of the state agency psychological consultants concluded Johnson was moderately limited in his ability to interact with the public and "ability to work in

coordination with or in proximity to others without being distracted by them." *Id*. at 8 (citing AR 125, 141, 494, 1051, 1067). Two of the state agency opinions noted moderate limitations in his "ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes," but three found no significant limitations in this area. *Id*. The narrative portion of the opinions also describe difficulties working with others. *Id*. at 8-9 (quoting AR 126, 142, 496, 1052-53, 1068).

The ALJ's RFC determination included a social limitation with respect to interactions with the public, but not co-workers or supervisors. Judge Mahoney noted the ALJ failed to explain why such a limitation was excluded despite the fact that the ALJ gave "great weight" to the state agency consultants' opinions. *Id*. at 9-14. She recommends remanding with instructions for the ALJ to either "(1) impose limitations related to interacting with coworkers and supervisors, or (2) more fully discuss the failure to include these limitations, including what medical opinions support the lack of these limitations and an updated discussion on the weight to assign the state agency medical consultants' opinions." *Id*. at 16.

Judge Mahoney reached this conclusion based on several factors. First, she noted that the vocational expert testified that a moderate limitation in the ability to work in coordination with or proximity to others would preclude the jobs he identified that Johnson could perform. *Id*. at 9 (citing AR 1008-09). Second, she noted that the only other mental RFC opinions in the record were from Johnson's treating psychiatrists, who had found Johnson more limited in this area than the state agency consultants. *Id*. at 10. While state agency consultants Dr. Westra and Dr. Tashner opined that Johnson "gets along well with authority," state agency consultant Dr. Christiansen found moderate limitations in this area. *Id*. at 10-11. Judge Mahoney noted that the ALJ lumped all state agency psychological opinions together when discussing them. She then cited several district court cases in the Eighth Circuit where courts have remanded cases where the ALJ purportedly gives "great weight" to the state agency consultant opinion, but fails to adopt some of the identified limitations without explanation. *Id*. at 11-12. Finally, Judge

7

Mahoney found the evidence cited by the Commissioner in support of the ALJ's decision did not shed any light on why the ALJ failed to include or discuss the absence of a limitation related to Johnson's ability to interact with coworkers or supervisors. *Id.* at 13-14. Indeed, she noted that treatment records tended to support such a limitation. *Id.* at 14 (quoting various treatment records). For these reasons, she recommends remand for the ALJ to re-evaluate a limitation of interacting with coworkers and supervisors.

Judge Mahoney next addressed Dr. Standing's opinion and the missing treatment records from 2016. Dr. Standing issued a second physical RFC in August 2016, in which he found several physical limitations. *Id.* at 17 (citing AR 1526-30). The ALJ assigned this opinion little weight, finding it significant that the most recent treatment notes from Dr. Standing were from October 2013 and that other treatment notes from different providers in June 2014 and February 2015 were unremarkable with regard to physical complaints. *Id.* at 17-18. Johnson argues that the ALJ knew he had an appointment with Dr. Standing in July 2016 because it was mentioned at the hearing and the ALJ agreed to keep the record open for Johnson's attorney to submit those treatment notes. *Id.* at 18 (citing AR 980-81). Johnson also insists the 2016 treatment records were submitted to the Social Security Administration and provides a declaration and confirmation of the uploaded file. *Id.* He notes that exhibit 34F of the AR is even labeled "Office Treatment Records" from Dr. Standing "dated August 29, 2011, to July 26, 2016." *Id.* (citing AR 972). Johnson's arguments before the Appeals Council also reflect his belief that the June 2016 notes were already in the record.

Because Judge Mahoney already recommended remand for purposes of re-evaluating a limitation related to interaction with co-workers and supervisors (during which the 2016 records from Dr. Standing will likely be submitted into the record), she declined to decide whether the records were actually submitted or whether the ALJ should have obtained them. *Id.* at 19. On remand, she recommends that the ALJ give updated reasons for the weight assigned to Dr. Standing's 2016 opinion. *Id.*

8

## IV. ANALYSIS

Because the parties did not object to the R&R, I have reviewed it for clear error. Judge Mahoney applied the appropriate legal standards in considering the ALJ's evaluation of the medical opinion evidence and whether substantial evidence in the record as a whole supported his RDC determination and overall decision. Based on my review of the record, I find no error – clear or otherwise – in Judge Mahoney's recommendation. As such, I adopt the R&R in its entirety.

## V. CONCLUSION

For the reasons set forth herein:

1. I **accept** Judge Mahoney's R&R (Doc. No. 20) without modification. *See* 28 U.S.C. § 636(b)(1).
2. Pursuant to Judge Mahoney's recommendation:
    a. The Commissioner's determination that Johnson was not disabled is **reversed** and this matter is **remanded** to the Commissioner for further proceedings as described by Judge Mahoney.
    b. Judgment shall enter in favor of Johnson and against the Commissioner.
    c. If Johnson wishes to request an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an application may be filed up until 30 days after the judgment becomes "not appealable," i.e., 30 days after the 60-day time for appeal has ended. *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G).

**IT IS SO ORDERED.**

**DATED** this 19th day of September, 2018.

                                              _____
                                              Leonard T. Strand, Chief Judge